**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIE MITCHELL, : | |
| : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 06-949 (JLL) |
| : | |
| WESTERN UNION, a company, : | **OPINION** |
| and/or WESTERN UNION, XYZ : | |
| COMPANY, a fictitious name, : | |
| : | |
| Defendants. : | |

**LINARES**, District Judge.

Plaintiff, Willie Mitchell, filed the instant action against Defendant Western Union on

December 28, 2005 in the Superior Court of New Jersey, Bergen County - Law Division. On

March 1, 2006, Western Union Processing, Ltd.[1] timely removed this action to this Court on

grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.[2] Presently before the

---

[1] According to Western Union, Plaintiff incorrectly identified his employer as "Western Union" in his Complaint when he was actually employed by Western Union Processing, Ltd. Defendant consequently addressed the allegations in the Complaint as against Western Union Processing Ltd. Any reference in this opinion to "Defendant" or "Western Union" refers to Western Union Processing, Ltd.

[2] Plaintiff is a resident of New Jersey. Compl. ¶ 1. Defendant Western Union Processing, Ltd., an Irish corporation, maintains its principal place of business in Colorado. Notice of Removal ¶ 2.c. With respect to the amount in controversy requirement, Plaintiff has not pleaded any specific amount of recovery.
   Since Plaintiff's Complaint is "open-ended" with respect to the amount in controversy, the Court "must perform an independent appraisal of the value of the claim", taking into account the petition for removal and other relevant evidence, Penn v. Wal-Mart Stores, Inc., 116 F.Supp.2d 557, 561 (D.N.J. 2000) (citing Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993)); Faltaous v. Johnson & Johnson, No. 07-1572, 2007 WL 3256833, at *6 (D.N.J. Nov. 5,

1

Court is Defendant's Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules

of Civil Procedure. Plaintiff has not filed any opposition to the motion.[3] The Court decides this

motions on the submissions. Fed. R. Civ. P. 78. For the reasons stated below, the Court grants

defendant Western Union Processing, Ltd.'s motion for summary judgment.

## I.    Factual and Procedural History[4]

Plaintiff Willie Mitchell was hired by Western Union on or about October 23, 1989 as a

---

2007) (Linares, J.), including plaintiff's settlement demands, Entrekin v. Fischer Scientific, Inc., 146 F.Supp.2d 594, 605 (D.N.J. 2001); New Hampshire Ins. Co. v. Emerson, No. 90-3345, 1991 WL 7366, at *3 n.1 (E.D. Pa. Jan. 22, 1991); Ciancaglione v. Sutherlin, No. 04-2249, 2004 WL 2040342, at *2 (E.D. Pa. Sept. 13, 2004) (string citing cases), to determine whether plaintiff's claims meet the amount in controversy requirement. Plaintiff's Complaint claims damages for lost retirement and medical benefits, see Compl. ¶ 6, and lost compensation, id. at Prayer for Relief. At the time Plaintiff was terminated from Western Union, he was making approximately $75,000 annually, exclusive of his retirement and medical benefits. Deposition of Willie Mitchell at 65:10-65:13; Pl.'s Interrog. Resp. No. 9. Moreover, Defendant states that Plaintiff's last settlement demand "was well in excess of $75,000 ". Notice of Removal ¶ 2.d. Consequently, the amount in controversy requirement has been met and this case is properly before the Court under 28 U.S.C. § 1332.

Defendant contends that this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. However, Plaintiff has not cited any statute in his Complaint regarding the statutes–federal or state–under which he is bringing his claims. Since this Court has jurisdiction pursuant to 28 U.S.C. § 1332, it need not undertake an further jurisdictional analysis.

[3] Defendant included a Certificate of Service in the motion papers it filed with the Court, stating that Defendant had delivered copies of all documents to Plaintiff's counsel on March 2, 2007, electronically and by regular mail. When no opposition was received from Plaintiff by the return date (April 9, 2007), the Court contacted counsel for Plaintiff who requested an extension of time. With defense counsel's consent, the Court granted Plaintiff's request. Plaintiff did not file any opposition within the extra time granted by the Court. The Court contacted Plaintiff's counsel a second time and granted another extension; however, the second deadline passed without any filings by Plaintiff.

[4] The facts set forth in Part I of this opinion are derived from Defendant's Statement of Material Facts. As Plaintiff never submitted an opposition to Defendant's motion or a counter-statement of material facts, the Court will accept the facts from Defendant's statement as true, with appropriate support in the record.

computer programmer, with an entry level salary of $25,000 annually. Def.'s Statement of Material Facts (hereinafter "Def.'s Stmt.") ¶ 1; see Deposition of Willie Mitchell ("Mitchell Dep.") at 14:8-14:10. Plaintiff is African-American, see Mitchell Dep. at 21:21-21:22, and, at the time he filed his Complaint, was approximately 51 years of age, see id. at 5:10-5:11. On or about September 13, 2004, Mitchell's employment with Western Union was terminated. Def.'s Stmt. ¶ 1; see id. at ¶ 7. At the time of his termination, Mitchell had been promoted to the level of Application Program Analyst and was earning approximately $75,000 per year. See Mitchell Dep. at 65:10-65:13. At all times during his employment with Western Union, Plaintiff was an at-will employee. Def.'s Stmt. ¶ 5.

In the last two to three years of his employment, Mitchell had been promoted to a position that required him not only to write code as a computer programmer, but also to take on systems analysis and design as well as a leadership role. Def.'s Stmt. ¶ 2. For the year 2003, Plaintiff received a performance evaluation of "Inconsistent Contributor," level 1. Def.'s Stmt. ¶ 3; Mitchell Dep., Ex. D-1. Consequently, Olutoyin Oduwole, one of Plaintiff's supervisors, created an Improvement Action Plan ("IAP") specifically for Mitchell. Deposition of Olutoyin Oduwole ("Oduwole Dep.") at 10:18-10:20. On May 18, 2004, Plaintiff received his IAP from Marion Schraub regarding deficiencies in Plaintiff's work at Western Union. Def.'s Stmt. ¶ 3; Mitchell Dep., Ex. D-1. The IAP outlined deficiencies in Plaintiff's performance, set goals to remedy those deficiencies, and cautioned Plaintiff of possible termination if he failed to achieve those goals. Mitchell Dep., Ex. D-1. Plaintiff typically met with Ms. Schraub on a weekly basis to track his progress regarding the benchmarks set in the IAP. Mitchell Dep. at 40:12-40:23. Plaintiff's status as an at-will employee allowed him to be terminated if he was unable to meet

3

the objectives laid out in the IAP. Def.'s Stmt. ¶ 5.

On June 29, 2004, Ms. Schraub amended the May IAP to reflect Plaintiff's need for more time to meet certain goals laid out in the IAP. Def.'s Stmt. ¶ 4; Mitchell Dep. at 40:24-41:2; Mitchell Dep., Ex. D-2. The amendment also eliminated one of the goals set out in the original IAP and altered the goals of the remaining three. See Mitchell Dep., Ex. D-2. Through the IAP, Western Union assigned Plaintiff to work on two projects that required him to perform both technical and managerial duties. Oduwole Dep. at 10:24-11:16, 21:11-22:7. From approximately June 18, 2004 through August 27, 2004, Plaintiff completed weekly status reports, documenting his weekly accomplishments, those tasks that were not completed, and those tasks he planned to accomplish in the coming weeks. See Mitchell Dep. at 43:6-11, Ex. D-3. On July 21, 2004, Mr. Mitchell received an email from Ms. Schraub stating that he had completed nearly half of the term of his IAP, but had not met the stated expectations. Mitchell Dep., Ex. D-4. Ms. Schraub concluded her email by saying, "The situation is becoming serious and you need to understand that if you do not show significant initiative and improvement your employment will be terminated." Mitchell Dep., Ex. D-4 (emphasis added).

From August 24, 2004 through September 10, 2004, Ms. Schraub and Plaintiff corresponded regarding the status of his projects and his work. See Mitchell Dep., Ex.s D-5-D-9. However, Plaintiff failed to meet certain of the goals set out in his IAP. Def.'s Stmt. ¶ 6. Ms. Schraub informed Plaintiff that she, Oduwole and Humberto Portillo–another of Plaintiff's supervisors at Western Union–were to be meeting the week of September 13, 2004 to discuss Plaintiff's progress. Mitchell Dep. at 13:5-13:19. However, on September 13, 2004, before completion of his extended IAP, Portillo, a vice president at Western Union, terminated

4

Plaintiff's employment. Def.'s Stmt. ¶ 1; see Oduwole Dep. at 47:16-47:18.

Plaintiff was not the only Western Union employee placed on an IAP. In fact, Western Union placed both Tatyana Belousova, a thirty-five (35) year old Caucasian female, and Loreto Lanni, a sixty-six (66) year old Caucasian male, on IAPs. Def.'s Stmt. ¶¶ 8-9. Belousova was placed on an IAP for the same reasons as Mitchell. Def.'s Stmt. ¶ 8. Both Belousova and Lanni ultimately failed to meet the terms of their respective IAPs and were terminated. Def.'s Stmt. ¶¶ 8-9. Two other members of Plaintiff's group were placed on IAPs: Paul Saunier and Michael Ambrosek, Caucasian males, ages 51 and 57 respectively. Def.'s Stmt. ¶¶10-11. Mr. Saunier and Mr. Ambrosek both were successful in meeting the benchmarks set in their IAPs. Def.'s Stmt. ¶¶ 10-11. In addition, other African-American employees over age 40 in Plaintiff's group at Western Union were not placed on IAPs. See Aff. of Laurie Kelly ¶ 11.

On December 28, 2005, Plaintiff filed a Complaint against Western Union in Superior Court of Bergen County, alleging discrimination and wrongful termination based on race and age. Defendant filed a timely notice of removal on March 1, 2006[5] and subsequently filed a motion for summary judgment on March 3, 2006. As previously noted, Plaintiff has not entered any opposition to Defendant's motion.

II.   **Legal Standard**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[5] Plaintiff issued a Summons to Western Union from the Superior Court of New Jersey, Essex County - Law Division. Plaintiff mailed copies of the Summons and Complaint to Western Union dated January 27, 2006. Western Union received the correspondence on or about January 30, 2006. The March 1, 2006 filing of the notice of removal was timely as it was within 30 days of Defendant's receipt of Plaintiff's Complaint. See 28 U.S.C. § 1446(b).

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Where the non-moving party fails to file an opposition to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the [non-moving] party." Fed. R. Civ. P. 56(e) (emphasis added). The failure of the non-moving party to respond to the summary judgment motion is not itself sufficient to justify the entry of summary judgment. See e.g., Williams v. Santiago, No. 04-5097, 2006 WL 2786846, at *2 (D.N.J. Sept. 26, 2006) ("Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor . . . ."). When, as here, the non-moving party fails to oppose a motion for summary judgment by written objection, memorandum, affidavits and other evidence, the court

6

will accept as true the material facts set forth by the moving party with appropriate support in the

record. Bowers v. Nat'l Collegiate Athletic Ass'n, 118 F.Supp.2dc 494, 510 (D.N.J. 2000)

(citing Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)).

However, the Court must still determine whether the moving party met its burden of proving that

it is entitled to summary judgment. See Macias v. United States, No. 05-1445, 2006 WL

1843111, at *1 n.1 (D.N.J. June 30, 2006).

## III.   Discussion

Plaintiff claims that Defendant discriminated against him based on his race and his age,

see Compl. Count II, ¶¶ 2-3; Count III, ¶ 2, and that he was wrongfully terminated as a result of

such discrimination, see id. at Count II, ¶ 3.[6]

The New Jersey Law Against Discrimination ("NJLAD") prohibits the firing of an

employee based on, inter alia, race or age. N.J. Stat. 10:5-12(a).[7] The Third Circuit has found

that a claim of discrimination under the NJLAD "parallels" the same claim under Title VII of the

Civil Rights Act of 1964, see Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1088, and

---

[6] As previously mentioned, Plaintiff cites no statute in the entirety of his Complaint.
Plaintiff has not filed any administrative charges with the Equal Employment Opportunity
Committee, as required by 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d). Plaintiff's failure
to do so precludes him from succeeding on claims of discrimination under Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1), or under the Age Discrimination Employment
Act, 29 U.S.C. § 626(d). Since Plaintiff has failed to cite to any federal discrimination statute in
his Complaint and since he has failed to exhaust his administrative remedies, this Court will
confine its analysis of Plaintiff's claims to New Jersey state law, which does not require
exhaustion of administrative remedies. See N.J. Stat. 10:5-12.

[7] Plaintiff avers that he was terminated by Western Union based on a supervisor's
"personal reason". Compl., Count I, ¶ 4. Because the NJLAD does not protect against such
actions, the Court will only examine Plaintiff's allegations of wrongful termination and
discrimination based on race and age.

accordingly instructs district courts to apply the burden-shifting analysis set forth in McDonnell

Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), see Monaco v. Am. Gen. Assur. Co., 395

F.3d 296, 300, 305 (3d Cir. 2004); Watkins v. Nabisco Biscuit Co., 224 F.Supp.2d 852, 862 n.15

("[I]t is undisputed that the LAD . . . [is] governed by the same standards and burden of proof

structures applicable under Title VII of the Civil Rights Act of 1964 ") (internal quotations

omitted); Rogers v. Alternative Res. Corp., 440 F.Supp.2d 366, 369 (D.N.J. 2006) ("When

analyzing claims of employment discrimination under the NJLAD . . . , the Court must employ

the McDonnell Douglas-Burdine burden shifting framework at the summary judgment stage").

The McDonnell Douglas analysis consists of three steps.  First, a plaintiff must establish a prima

facie case.  Monaco, 395 F.3d at 300.  Second, if the plaintiff meets this initial burden, the

employer must articulate a legitimate non-discriminatory reason for terminating the employee.

Id.  Third, should the employer succeed in carrying this burden, the plaintiff may rebut the

employer's reason, showing that it was pretextual.  See id.  If any party fails to meet its burden,

the court need not go further in its analysis.  See Rogers, 440 F.Supp.2d at 376 (ending its

consideration of plaintiff's claims at the first step of the McDonnell Douglas analysis because

plaintiff could not establish a prima facie case of discrimination).

### A.      Plaintiff's *Prima Facie* Case

In order to establish a prima facie case of discriminatory discharge, Plaintiff must prove

that (1) he is a member of a protected class; (2) he performed his job to his employer's

satisfaction; (3) he was discharged; and (4) others outside of his protected class were treated

more favorably.[8]  Watkins, 224 F.Supp.2d at 866.  However, on a defendant's motion for

summary judgment, the defendant must prove that the plaintiff will not be able to adduce

evidence to establish his prima facie case.  See Watkins, 224 F.Supp.2d at 862.

Western Union does not contest the first and third prongs of Plaintiff's prima facie case,

Def.'s Br. at 8.[9]  Plaintiff, as an African-American over the age of forty years of age, is a member

of a protected class. See Rogers, 440 F.Supp.2d at 371.  Furthermore, neither party disputes that

Western Union terminated Mitchell's employment. Defendant maintains, however, that Plaintiff

cannot establish the second and fourth elements necessary to satisfy his burden.  Def.'s Br. at 8.

The Court finds that Mitchell has failed to establish both of these prongs of his prima facie case,

i.e. that Plaintiff satisfactorily performed his job and that Western Union retained someone

outside the protected class to fill his position.

To establish that he satisfactorily performed his job, Mitchell must "demonstrate that he

was performing his job at a level which met his employer's legitimate expectations at the time of

the termination." See Henwood v. EMC2 Corp., 1993 WL 360776, at *4 (D.N.J. Sept. 13, 1993)

(citing Ang v. Proctor & Gamble Co., 932 F.2d 540, 549 (6th Cir. 1991)).  Western Union has

offered evidence demonstrating that Plaintiff cannot prove that he was performing his job at a

---

[8]  While courts agree that the requirements of the prima facie case will vary based on the
facts in front of the court, see McDonnell Douglas, 411 U.S. at 802 n.13; Pivirotto v. Innovative
Sys., Inc., 191 F.3d 344, 357 (3d Cir. 1999), the Third Circuit has resolved the disagreement over
what a plaintiff must show to satisfy the fourth prong, requiring a plaintiff to show that the
employer replaced the plaintiff with someone outside his or her protected class, see Monaco, 359
F.3d at 301-304.

[9]  All references to "Def.'s Br." refer to Defendant's Brief in Support of Motion for
Summary Judgment.

satisfactory level.  Plaintiff agreed to the accuracy of Section I of his IAP which reads in part,

"Your performance is below the level expected of an employee with applicable experience,

knowledge and skill".  Mitchell Dep. at 26:24-27:4, Ex. D-1.  Plaintiff likewise acknowledged

that he received numerous emails detailing the problems with his performance, including one that

put him on notice that he would be terminated if his performance did not improve.  Mitchell Dep.

at 43:20-45:15, 48:3-48:17, 49:3-49:6, Ex.s D-4-D-9.  Furthermore, Plaintiff conceded that

Caucasian employees in his group were placed on IAPs for the same reasons.  Mitchell Dep. at

57:10-57:24.  The evidence presented by Defendant demonstrates that there is no issue of

material fact as to whether Plaintiff was performing his job to Western Union's satisfaction in the

time period prior to his termination.  Thus, Plaintiff has failed to satisfy the second element of a

prima facie case of discrimination under the NJLAD.

Even assuming, arguendo, that Plaintiff could prove that he performed his job

satisfactorily, he also fails to establish the fourth prong of his burden.  To establish this prong,

Plaintiff must show that "other employees who were not African-American [or under age 40]

were treated more favorably".  Watkins, 224 F.Supp.2d at 867.  As previously noted, Plaintiff did

not file any moving papers and proffers no evidence to support a contention that others outside

his protected class were treated more favorably.  However, Defendant provides the Court with

evidence that others outside Plaintiff's protected class–that is "other employees who were not

African-American" and under age 40–were treated the same as Plaintiff.  For example, as noted

in Part I supra, Tatyana Belousova, a Caucasian female thirty-five years of age, and Loreto Lanni,

a Caucasian male age sixty-six, were both placed on IAPs and terminated after failing to meet the

terms of their IAPs.  Def.'s Stmt. ¶¶ 8-9.  Both Paul Saunier, a fifty-one year old Caucasian, and

Michael Ambrosek, Caucasian male fifty-seven years of age, were placed on IAPs. Def.'s Stmt. ¶¶ 10-11. Based on these facts, Plaintiff has failed to provide evidence demonstrating a dispute of material fact sufficient to show that Western Union treated others outside Plaintiff's protected class more favorable. Plaintiff has failed to meet his burden and cannot establish a prima facie case of discrimination. Therefore, the Court grants Defendant's motion for summary judgment.

**B.    Defendant's Legitimate, Non-Discriminatory Reason and Plaintiff's Evidence of Pretext**

Given that Mitchell has failed to establish two of the elements necessary to make out a prima facie case of discrimination, the Court need not proceed to the next steps in the McDonnell Douglas burden-shifting analysis. However, even if the Court were to assume that Plaintiff had met his initial burden, the Court finds that Plaintiff has not produced evidence to rebut Defendant's legitimate, non-discriminatory reason for his termination. "The employer's burden to articulate a legitimate reason for its unfavorable employment decision is relatively light." Watkins, 224 F.Supp.2d at 868 (citing Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)) (internal quotations omitted). Thus, once the employer has met his burden, in order to survive summary judgment the plaintiff must proffer evidence from which a court could reasonably believe that defendant's explanation was pretextual. Id. Plaintiff must overcome a high hurdle to meet his burden:

> the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons. Id. at 868-69 (quoting Fuentes, 32 F.3d at 765) (emphasis in original).

11

Here, Defendant maintains that Mitchell's unsatisfactory performance constituted a legitimate, non-discriminatory reason to terminate his performance. Def.'s Br. at 17. Defendant offers significant evidence that Plaintiff's performance fell well-below any standard acceptable to Western Union. Def.'s Br. at 17-18; see Def.'s Br. at 8-11. Such an explanation meets Defendant's burden. See Watkins, 224 F.Supp.2d at 868. Without any response from Plaintiff, without any evidence demonstrating weaknesses or inconsistencies in Defendant's legitimate reason, the Court has no grounds to reasonably conclude that Plaintiff's poor performance was a pretext for Western Union's termination of Plaintiff. Plaintiff has offered no evidence to meet his burden under the third step of the McDonnell Douglas analysis, thus failing to give this Court any basis on which to find a dispute of material fact.

## IV.   Conclusion

For the foregoing reasons, this Court finds that Plaintiff has not satisfied his burden to establish a prima facie case of discrimination nor is he able to rebut Defendant's legitimate, non-discriminatory reason for his termination. Accordingly, Defendant's motion for summary judgment as to Plaintiff's claims is granted. An appropriate order accompanies this opinion.

Dated: December 11, 2007                         /s/ Jose L. Linares
                                                 United States District Judge

12